# Jenkins Independent School Dist. et al. v. Hunt et al.

March 2, 1951.

Sam Ward, Judge.

Harry L. Moore for appellants.

LeRoy W. Fields for appellees.

CHIEF JUSTICE CAMMACK—Reversing.

Jenkins is now a city of the fourth class. The boundaries of the City extend beyond those of the Jenkins Independent School District. The school district is authorized under KRS 158.120 to charge tuition for non-resident pupils. Elmer Hunt lives within the part of the city which lies beyond the boundaries of the school district. A controversy arose between Hunt and the School Board as to his right to send his children to school in the Independent District. The School Board instituted this action seeking to enjoin Hunt from sending his children to school until the tuition was paid. In defending the action Hunt asserted that he had a legal right to send his children to school in the Independent District.

The chancellor disposed of the case in the following manner:

"The Court is of the opinion that the plaintiffs are not entitled to an injunction because, First: No great

or irreparable injury is shown which would authorize the issual of an injunction, and Second, Because, if the defendants are not permitted to attend that school, the plaintiffs have an adequate remedy at law. The teachers and the school authorities ought to be able to prevent these children from attending that school if they do not want them to attend.

"As to the right of the defendants to attend that school the Court is of the opinion that they do not have this right unless this particular territory where defendants live is made a part of the Jenkins Independent School District, and this may be be done by following the procedure outline in KRS 160.045."

We think the School Board is entitled to the relief sought. It had a legal right to charge tuition for non-resident pupils. The Letcher County School District maintains a school which Hunt's children could attend without paying tuition. When he was notified that his children could not attend school unless the tuition was paid, considerable disturbance was created by Hunt and his friends which disrupted the school activities. Clearly, this is a case warranting injunctive relief.

Judgment is reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.